

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
April 30, 2015 11:54

By: PAUL J. CRISTALLO 0061820

Confirmation Nbr. 427930

ALEX LITTLEJOHN          CV 15 844942

    vrs.

OFFICER RONALD J. MYERS, ET. AL., ET AL      **Judge:**

                                                           DANIEL GAUL

Pages Filed: 10

IN THE COURT OF COMMOM PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ALEX LITTLEJOHN<br>15601 Friend Avenue<br>Maple Heights, OH  44137<br><br>        Plaintiff<br><br>        -vs-<br><br>OFFICER RONALD J. MYERS<br>City of Cleveland, Division of Police<br>10600 Chester Avenue<br>Cleveland, OH  44106<br>(This individual is being sued in<br>his individual and official capacity.)<br><br>        -and-<br><br>CITY OF CLEVELAND<br>c/o Law Director Langhenry<br>Cleveland City Hall<br>601 Lakeside Avenue, Room 106<br>Cleveland, OH  44114<br><br><br><br>        Defendants | CASE NO. _____<br><br><br>JUDGE _____<br><br><br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON** |

Now comes Plaintiff, Alex Littlejohn (sometimes hereinafter "Littlejohn"), by and through counsel, and for his Complaint against the above Defendants states and avers as follows.

## INTRODUCTION

1. This is a civil rights action stemming from an incident that occurred in the City of Cleveland on May 3, 2014, during which Plaintiff, Alex Littlejohn, was shot in the lower back by Cleveland Police Officer Ronald J. Myers (hereinafter, "Myers"). As a direct and proximate result of the actions and inactions of the Defendants, Plaintiff suffered a severe and permanent spinal cord injury which has left him paralyzed. Further, and as a direct and proximate result of the actions and inactions of the Defendants, Plaintiff continues to endure physical and emotional pain and suffering. Plaintiff Littlejohn seeks compensatory damages, punitive damages, and reasonable attorneys' fees and costs incurred in this action.

2. Plaintiff Littlejohn asserts claims under Title 42 U.S.C. § 1983 of the United States Code for violation of his right to be free from excessive force under the protection of the Fourth Amendment to the United States Constitution.

3. Plaintiff Littlejohn asserts a § 1983 claim against the Defendant City of Cleveland, Ohio for failure to properly train and/or supervise its police officers, and for promulgating customs, policies and/or procedures which proximately caused the violation of Plaintiff's federal Constitutional rights, all under the authority of *Monell v. New York City Dept. of Social Services,* 436 U.S. 658 (1978).

4. Plaintiff asserts state common law claims for assault and battery and negligent hiring, training and supervision.

## PARTIES

5. Plaintiff Alex Littlejohn is, and was at all times relevant, a citizen of the State of Ohio who resided in the City of Cleveland during the course of the underlying events.

6. Defendant City of Cleveland, Ohio ("Cleveland") is, and was at all times relevant, a political subdivision and unit of local government duly organized under the laws of the State of Ohio. The City of Cleveland is a political subdivision/entity and is a "person" subject to being sued pursuant to 42 U.S.C. § 1983.

7. Defendant Ronald J. Myers (Myers) is, and was at all times relevant, a police officer employed by the City of Cleveland, Ohio acting under the color of state law. Defendant Myers is a "person" under 42 U.S.C. § 1983. Defendant Myers is sued herein in his individual and official capacities.

8. This action is brought pursuant to claims arising under the laws of the State of Ohio, 42 U.S.C. § 1983, and the Fourth Amendment to the United States Constitution. This action is also brought pursuant to 28 U.S.C. §§ 1983, 1985 and 1988 as it is also an action for compensatory damages, punitive damages, and attorney fees.

## STATEMENT OF FACTS

9. On May 3, 2014, at or around 8:30 p.m., Plaintiff Alex Littlejohn was being chased, on foot, by Officer Myers to an area adjacent to a Family Dollar store located at or near the corner of East 34th and Payne Avenue in Cleveland, Ohio.

10. Officer Myers tackled or otherwise restrained Littlejohn.

11. At the time Officer Myers tackled or otherwise restrained Littlejohn, Littlejohn was not armed.

12. Littlejohn, attempting to evade arrest, pushed himself up and away from Officer Myers.

13. When Littlejohn was approximately 10 to 15 feet from Officer Myers, Myers shot Littlejohn in the lower back. Officer Myers shot Littlejohn despite the fact that Littlejohn was not harming or attempting to harm Officer Myers. Rather, Littlejohn was fleeing from Officer Myers when he was shot.

14. In an attempt to justify shooting Littlejohn, Officer Myers provided inaccurate information to the City of Cleveland officials responsible for conducting an internal investigation of Myers' use of deadly force. Myers alleged that he and Littlejohn were involved in a struggle for Myers' gun at the time Littlejohn was shot. As such, Myers alleged Littlejohn was shot at close range and the shooting was justified. In reality, however, Littlejohn was an unarmed suspect who was shot as he fled from Myers.

15. Officer Myers' shooting of Littlejohn was reckless and/or with a malicious purpose and with ill-will.

16. Littlejohn incurred serious and permanent physical injuries, mental and emotional distress and other economic and non-economic damages as a direct and proximate result of the Defendants' conduct and failures.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 Claim Against Defendant Myers for Excessive Force in Violation of the Fourth Amendment**

17. Paragraphs 1 through 16 are incorporated by reference herein as if fully rewritten.

18. At the aforementioned time and place, Defendant Myers, acting under color of law and within the course and scope of his employment as a police officer with

4

Defendant the City of Cleveland, used unnecessary, unreasonable, outrageous, and excessive force on Littlejohn in violation of his rights guaranteed by the Fourth Amendment.

19. Defendant Myers' use of unnecessary, unreasonable, outrageous, and excessive force, as described herein, constitutes wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

20. Faced with the circumstances present at the aforementioned time and place, a reasonably prudent law enforcement officer would or should have known that the use of force described herein violated Littlejohn's clearly established Fourth Amendment rights to be free from excessive force.

21. As a direct and proximate result of Defendant Myers use of force in violation of Littlejohn's Fourth Amendment rights, Littlejohn sustained economic and non-economic damages, including, but not limited to, severe and permanent physical injury, physical and emotional pain and suffering, all of which will continue into the future.

## SECOND CAUSE OF ACTION
### Assault and Battery

22. Paragraphs 1 through 21 are incorporated by reference herein as if fully rewritten.

23. Officer Myers actions, as described herein, constitute assault and battery, as well as willful, wanton, intentional, and reckless conduct under the law of the State of Ohio.

24. As a direct and proximate result of Defendant Myers' assault and battery, Littlejohn sustained physical injuries and emotional distress.

5

### THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

25. Paragraphs 1 through 24 are incorporated by reference herein as if fully rewritten.

26. Through their unreasonable and unlawful conduct, Defendant Myers either intended to cause Littlejohn emotional distress or knew or should have known that his actions or inactions would result in serious emotional distress. Further, Myers' actions toward Littlejohn were so extreme and outrageous as to go beyond all possible bounds of decency and were intolerable.

27. Defendant Myers' actions directly and proximately caused Plaintiff Littlejohn psychic injury from which he suffers and will continue to suffer into the future.

### FOURTH CAUSE OF ACTION
### Negligent Hiring, Training, and Supervision

28. Paragraphs 1 through 27 are incorporated by reference herein as if fully rewritten.

29. Defendant City of Cleveland acted in a wanton and reckless manner, with a malicious purpose and/or in bad faith, relative to its hiring, training and supervision of its police officers, including Officer Myers. The City of Cleveland Police Department was the subject of an investigation by the United States Department of Justice which concluded that the City failed to properly train, supervise, investigate, punish/address matters involving police officers using excessive force. This longstanding pattern and practice by the Defendant City of Cleveland directly and proximately led to Plaintiff Littlejohn's injuries and damages

Electronically Filed 04/30/2015 11:54 / / CV 15 844942 / Confirmation Nbr. 427930 / CLBAG

### FIFTH CAUSE OF ACTION
### 42 U.S.C. § 1983 Against Defendant City of Cleveland

30. Paragraphs 1 through 29 are incorporated by reference herein as if fully rewritten.

31. The Defendants have, under color of state law, deprived Plaintiff Alex Littlejohn of rights, privileges and immunities secured by the Fourth Amendment to the U.S. Constitution.

32. The City of Cleveland Police Department has a pattern and practice of police officers engaging in excessive force. The City of Cleveland Police Department also has a pattern and practice of failing to adequately investigate uses of lethal and non-lethal force. To the degree the City of Cleveland Police Department internally investigates their Officers' use of force, the City's findings in favor of the police are overwhelming and almost statistically impossible. See, for example, the finding of a pattern and practice of excessive force by the Cleveland Police announced by the United States Department of Justice and released on December 4, 2014. http://www.justice.gov/usao/ohn. The City of Cleveland's failure to adequately investigate Myers' shooting of Littlejohn is one representative example of a larger informal policy, pattern and practice of the Cleveland Police Department condoning, expressly or implicitly, the use of excessive force by its Officers.

33. Defendant City of Cleveland maintained a policy and/or custom and/or pattern and/or practice of inadequately and improperly investigating citizen complaints of police misconduct and officers' use of excessive force and/or allowing the use of excessive force, failing to properly supervise Cleveland Police Department officers.

Defendant City of Cleveland was aware of problems with police officers' use of excessive force, yet the City of Cleveland failed to investigate and/or reprimand said behavior, and failed to discharge said officers for their misconduct, thereby ratifying such conduct. Defendant City of Cleveland maintained a policy and/or custom and/or pattern and practice of failing to properly train Cleveland Police Department officers, including but not limited to, how to use appropriate levels of force. Defendant City of Cleveland maintained a policy and/or custom and/or pattern and practice of failing to conduct fair and impartial investigations into officer misconduct, use of excessive force, and police shootings. The above said acts of misconduct were perpetuated, tolerated and not reprimanded by Defendant City of Cleveland. Thus, Defendant City of Cleveland inadequately discouraged constitutional violations perpetrated by its law enforcement officers and ratified and or perpetuated conduct and the use of excessive force and other above-mentioned improper and unconstitutional conduct. As such, Plaintiff Alex Littlejohn's Constitutional rights were violated. As a result of the above-mentioned polices and customs and/or pattern and practices, Defendant City of Cleveland officers believed that their inappropriate actions would not be subject to proper monitoring by supervisors, and that misconduct would not be subject to investigation nor sanction, but would instead be tolerated by Defendant City of Cleveland. The above facts illustrate a deliberate indifference on the part of Defendant City of Cleveland policy makers and officials.

34. Although the policymakers were on notice of the obvious need to train and supervise the deputies and jail staff in the area of policies and procedures relating to inmate restraint, the use of force, and intervention on behalf of inmates, these Lucas

County Defendants failed to adequately train and supervise the individual deputies and jail staff in that regard.

35. As a direct and proximate result of these failures by the Defendants, Plaintiff Littlejohn sustained injury, a loss of his rights, economic and non-economic damages.

## DAMAGES

36. Paragraphs 1 through 35 are incorporated by reference herein as if fully rewritten.

37. As a direct and proximate result of the Defendants' conduct, Plaintiff Alex Littlejohn has suffered a loss of his Constitutional rights, physical injury, pain, mental anguish and emotional distress, as well as economic and non-economic losses, some or all of which are be permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally, for:

(A) Compensatory and consequential damages for all the injuries identified in the amount in excess of Twenty Five Thousand Dollars ($25,000.00);

(B) Punitive damages against individual Defendants in an amount to be determined at trial for the willful and malicious conduct of these Defendants;

(C) Attorneys' fees and the costs of this action and other costs that may be associated with this action; and

(D) All other relief that this Court deems equitable, necessary, and just.

Electronically Filed 04/30/2015 11:54 / / CV 15 844942 / Confirmation Nbr. 427930 / CLBAG

                *Paul J. Cristallo*
                PAUL J. CRISTALLO (0061820)
                Cristallo and LaSalvia, LLC.
                The Brownhoist Building
                4403 St. Clair Avenue
                Cleveland, OH 44103
                Telephone:   (216) 400-9260
                Facsimile:    (216) 881-3928
                E-Mail:       paul@makeitrightohio.com
                                  cristallolaw@gmail.com

                COUNSEL FOR PLAINTIFF

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

                *Paul J. Cristallo*
                PAUL J. CRISTALLO
                Attorney for Plaintiff Alex Littlejohn