IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALEX LITTLEJOHN | ) |
| | ) CASE NO. 1:15-CV-1059 |
| Plaintiff, | ) |
| | ) JUDGE DAN AARON POLSTER |
| vs. | ) |
| | ) **DEFENDANT RONALD MYERS'S MOTION** |
| RONALD MYERS, *et al.*, | ) **FOR SUMMARY JUDGMENT** |
| | ) |
| Defendants. | ) |

Defendant Ronald Myers respectfully moves this Honorable Court for summary judgment on all of Plaintiff's claims. As explained in the attached Memorandum in Support, even assuming all disputed facts in favor of the non-moving party, Defendant Officer Myers is entitled to summary judgment on Littlejohn's claims of 42 U.S.C. § 1983: Excessive Force; State Law Claim: Assault and Battery; and State Law Claim: Intentional Infliction of Emotional Distress. In addition, Defendant is entitled to qualified and state law immunity from Plaintiff's claims. Therefore, summary judgment should be entered in this matter for Defendant.

Respectfully submitted,

BARBARA A. LANGHENRY (0038838)
Director of Law

/s John P. Bacevice Jr.
JOHN P. BACEVICE JR. (0087306)
Assistant Director of Law
Department of Law, Cleveland City Hall
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Telephone No.: (216) 664-2800
Facsimile No.: (216) 664-2663
jbacevice@city.cleveland.oh.us
*Counsel for Defendant*

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I. STATEMENT OF THE CASE ................................................................................1

II. STATEMENT OF FACTS .......................................................................................2

III. STANDARD OF REVIEW ......................................................................................4

IV. LAW AND ARGUMENT ........................................................................................4

    A. Officer Meyers was justified in shooting Littlejohn .............................................6

    B. Meyers is immune as to intentional infliction of emotional distress .....................9

V. CONCLUSION .......................................................................................................11

CERTIFICATE OF SERVICE .................................................................................................12

## **TABLE OF AUTHORITIES**

**Cases**

*Anderson v. Liberty Lobby,* 477 U.S. 242 (1986)..................................................................4

*Burchette v. Kiefer,* 310 F.3d 937 (6th Cir. 2002)................................................................4, 7

*Celotex Corp. v. Catret,* 477 U.S. 317 (1986).......................................................................4

*Ciminillo v. Streicher,* 434 F.3d 461 (6th Cir. 2006).............................................................7

*Dickerson v. McClellan,* 101 F.3d 1151 (6th Cir. 1996).......................................................5

*Fabrey v. McDonald Village Police Dept.* (1994), 70 Ohio St.3d 351.................................5

*Fox v. DiSoto,* 489 F.3d 227 (6th Cir. 2007).........................................................................5

*Gebers v. Commercial Data Ctr. Inc.,* 47 F.3d 1168, 1995 WL 9262 (6th Cir. 1995).........10

*Graham v. Conner,* 490 U.S. 386 (1989)..........................................................................6, 8

*Hopson v. Daimler Chrysler Corp.,* 306 F.3d 427 (6th Cir. 2002).......................................4

*Livermore v. Lubelan,* 476 F.3d 397 (6th Cir. 2007)............................................................5

*Long v. Slaton,* 508 F.3d 576 (2007).....................................................................................7

*Mitchell v. Forsyth,* 472 U.S. 511 (1985).............................................................................5

*Mullenix v. Luna,* 136 S.Ct. 305 (2015)...............................................................................7

*Paugh v. Hanks,* 6 Ohio St. 3d 72 (1983)...........................................................................10

*Pearson v. Callahan,* 555 U.S. 223 (2009) .........................................................................5

*Pyle v. Pyle,* 463 N.E. 2d 98 (Ohio Ct. App. 1983)............................................................10

*Reese v. Anderson,* 926 F.2d 494 (6th Cir. 1991).................................................................7

*Saucier v. Katz,* 533 U.S. 194 (2001)...................................................................................5

*Untalan v. City of Lorain, et al.,* 430 F.3d 312 (6th Cir. 2005)............................................7

*Yeager v. Local Union 20,* 6 Ohio St. 3d 369, 453 N.E. 2d 666 (Ohio 1983).....................10

**Federal Statutes and Regulations**

42 U.S.C. § 1983 ............................................................................................................... 1, 6

Fed. R. Civ. P. 56(e) ............................................................................................................. 4

**Ohio Statutes and Regulations**

O.R.C. § 2744 .................................................................................................................... 5, 9

O.R.C. § 2744.03(A)(6) .......................................................................................................... 6

O.R.C. § 2744.03(A)(6)(a)-(c) ................................................................................................ 6

**MEMORANDUM IN SUPPORT**

I.    **STATEMENT OF THE CASE**

Plaintiff initially filed this action on April 30, 2015 in the Cuyahoga County Common Pleas Court. Defendants removed this case to this Court on May 27, 2015. On August 2, 2015 Plaintiff filed his First Amended Complaint alleging five counts. Plaintiff alleged three counts against Defendant Myers: 42 U.S.C. § 1983: Excessive Force; State Law Claim: Assault and Battery; and State Law Claim: Intentional Infliction of Emotional Distress. Plaintiff additionally alleged two counts against Defendant City of Cleveland: Negligent Hiring, Training, and Supervision and 42 U.S.C. § 1983Against Defendant City of Cleveland.

The case management conference was held on August 20, 2015. The parties agreed with the Court that a motion on qualified immunity was appropriate prior to full discovery. While initially the parties were to submit a joint statement of undisputed facts, it was eventually agreed that allowing limited discovery, specifically the depositions of Plaintiff Littlejohn and Defendant Myers, was appropriate before filing a qualified immunity motion for summary judgment. Mr. Littlejohn was subsequently deposed by counsel specific to the events in question on May 3, 2014. Defendant Myers now files this motion for summary judgment based on qualified immunity.

## II. STATEMENT OF FACTS

For the limited purposes of summary judgment, Defendant will assume all disputed facts in favor of Plaintiff Littlejohn.

On May 3, 2014 Defendant Myers, working basic patrol in Cleveland's Third District, received a radio call to respond to an armed robbery at Family Dollar at East 34th and Payne Avenue. (Exhibit A, Declaration of Ronald Myers at ¶ 2.) Littlejohn was in fact using a gun to rob the Family Dollar at East 34th and Payne Avenue. (Exhibit B, Deposition of Alex Littlejohn at p. 7:9 – p. 8:15; also p. 9:12-14.) The robbery took place after dark when the Family Dollar had closed. (Ex. B at p. 5:2-5; see also p. 11:7-17 and p.12:24 – p. 13:7.) When Littlejohn walked into the store, he had the gun in his hand on his side and told the victims not to move. (Ex. B at 14:18 – 15:4.) The robbery took approximately seven or eight minutes. (Ex. B at 16:16-20.)

Littlejohn decided to leave the scene of the crime when he saw a police officer looking through the window. (Ex. B at 18:3-14.) Littlejohn still had the weapon in his hand when he saw the officer looking through the window. (Ex. B at 15-17.) Littlejohn and his accomplice Tisdale fled to a storage room in the back of the building. Littlejohn claims he gave the handgun to Tisdale in the storage room. (Ex. B at 19:7-18.) Littlejohn admits there were no windows to the storage room and no officer could have seen him relinquish the handgun to Tisdale. (Ex. B at 19:19 – 20:1.)

After allegedly relinquishing the weapon to Tisdale, Littlejohn continues to flee by running out of the building via the side door in a back storage area. (Ex. B at 21:6-19.) When Tisdale and Littlejohn exited the side door, Officer Myers and his partner were already back there. (Ex. B at 20:1-8.) Officer Myers reasonably believed the fleeing suspects were likely

2

armed. (Ex. A at ¶ 3.) According to both Myers and Littlejohn, there was no way for Myers to see Littlejohn, who did use the gun during the robbery, relinquish the weapon prior to the foot pursuit. (Ex. A at ¶3; Ex. B at 19:19 – 20:1.)

Littlejohn fled towards the back storage area of the store. (Ex. B at 22:16-17.) Tisdale fled in another direction. (Ex. B at 23:5-7.) Littlejohn, pursued by Myers, came to a fence at the end of the back lot where he had fled. (Ex. B at 23:1-13.) Littlejohn tried to hop the fence, but Myers grabbed Littlejohn and began to handcuff him on an attempt to place Littlejohn under arrest. (Ex B. at 23:19 – 24:1.) Initially Littlejohn cooperated with Myers's attempt to arrest Littlejohn. (Ex B. at 24:2-4.) Littlejohn then changed his mind and attempted to continue his flight by resisting and fighting out of Myers grasp. (Ex. B at 24:5-7.) Myers did not have his weapon drawn prior to Littlejohn breaking away from the lawful arrest attempt and continuing his flight. (Ex. B at 34:3-14.)

Littlejohn pushed off of the ground to get away from Myers. (Ex B. at 24:16-24.) Myers tried to keep control of the armed robber by grabbing and holding onto the handcuffs, one cuff being already around Littlejohn's right wrist, but Littlejohn was able to pull away and get completely out of Myers's control. (Ex. B at 24:21 – 25:20.) Littlejohn continued to flee from Myers for three to four seconds before Myers shot him. (Ex. B at 26:12-18; see also 26:22 – 27:12.) According to Littlejohn, he was approximately ten feet from Myers when he was shot. (Ex. B at 27:16-21.) Littlejohn admits that Myers was the only officer in the vicinity when he escaped and fled Myers's lawful attempt at arresting the armed robber. (Ex. B at 28:6-11.) Littlejohn admitted when he escaped out of the side door of the building, an alarm went off. (Ex. B at 28:12-14.) Littlejohn admits the alarm was loud. (Ex. B at 30:15-19.) Littlejohn admits that once he left the building, his "main focus was just on fleeing." (Ex. B at 28:24.)

3

Littlejohn plead to aggravated robbery, kidnapping, and assault with a weapon specification. (Ex. B at 47:1-6.) Littlejohn was sentenced to twenty-eight years in prison. (Ex. B at 47:7-8.)

### III. STANDARD OF REVIEW

A court must grant summary judgment where there remain no genuine issues as to any material fact, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion and, viewing the evidence most strongly in favor of the party opposing the motion, that conclusion is adverse to the non-moving party. *Burchett v. Kiefer*, 310 F.3d 937, 941 (6th Cir. 2002); *Hopson v. Daimler Chrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002). Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but … must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The materiality of a fact is determined by reference to substantive law. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby*, 477 U.S 242, 248 (1986).

### IV. LAW AND ARGUMENT

Defendant Myers, even assuming all disputed facts in Plaintiff Littlejohn's favor, cannot be held liable as a matter of law. These facts do not provide a basis to maintain a single alleged violation of federal or state law by Myers. Additionally, Myers is entitled to qualified immunity

4

as to Plaintiff's federal claim and statutory immunity under the Ohio Revised Code as to all state claims.

Qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511 at 526 (1985). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson v. Callahan*, 555 U.S. 223 at 231 (2009) (internal citations omitted).

In determining whether qualified immunity applies, a two part test is applied. The steps are not required to be taken in order. *Id.* First, a court must determine whether the acts violated a constitutional right. Second, the court must determine if at the time of the actions, the constitutional right was "clearly established." *Saucier v. Katz*, 533 U.S. 194 (2001). It is important to note at the outset that the ultimate determination of Myers's entitlement to immunity in this matter is evaluated based on what a reasonable officer would believe or understand at the time of the event given the facts known to that officer, not a review of the situation in 20/20 hindsight. *Fox v. DiSoto*, 489 F.3d 227 at 236 (6th Cir. 2007).

When analyzing an excessive force claim, the court must view each allegation individually focusing on the "'split second judgments' made immediately before the officer used allegedly excessive force." *Livermore v. Lubelan*, 476 F.3d 397, 407 (6th Cir. 2007) citing *Dickerson v. McClellan*, 101 F.3d 1151, 1161 (6th Cir. 1996).

Myers is also immune from all state law claims under Ohio Revised Code Chapter 2744. Ohio Revised Code Chapter 2744 specifically grants immunity to employees of political subdivisions for negligence claims arising out of the course and scope of the person's employment with the political subdivision. *Fabrey v. McDonald Village Police Dept.* (1994), 70

5

Ohio St.3d 351, 357. Specifically, R.C. § 2744.03(A)(6) provides that an employee of a political subdivision is immune from liability unless one of the following exceptions applies:

> i. The employee's acts or omissions were manifestly outside the scope of his employment;
>
> ii. The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or
>
> iii. Civil liability is expressly imposed by a section of the Revised Code.

Ohio Rev. Code § 2744.03(A)(6)(a)-(c).

At all times Myers was acting within the scope of his employment and none of his actions or omissions "were with malicious purpose, in bad faith, or in a wanton or reckless manner."

In reviewing each individual claim as they relate to Defendant Myers, as a matter of law Plaintiff cannot advance beyond the summary judgment stage and the Court should rule for Myers on all counts.

### A. Officer Myers was justified in shooting Littlejohn.

Plaintiff's claims of excessive force under 42 U.S.C. § 1983 and assault and battery under state law stem specifically from Officer Myers firing a single round that struck Plaintiff Littlejohn as Littlejohn fled from an armed robbery after resisting arrest.

When assessing an excessive force claim the court must consider "whether the officers' actions are ʻobjectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). While a number of factors go into the analysis, such as "(1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the police officers or others; and (3) whether the suspect actively resisted arrest or attempted to evade arrest by flight," *Id*. at 396,

"the ultimate question is whether the totality of the circumstances justifies a particular sort of seizure." *Ciminillo v. Streicher*, 434 F.3d 461, 467 (6th Cir. 2006). The standard "contains a built-in measure of deference to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case." *Burchett v. Kiefer*, 310 F.3d 937, 944 (6th Cir. 2002).

The Sixth Circuit has determined that a police officer's use of deadly force was not excessive and was objectively reasonable and, therefore, not a Fourth Amendment violation if the officer has probable cause to believe that the suspect poses a threat of severe physical harm to the officer or to others. *Untalan v. City of Lorain, et al.*, 430 F.3d 312, 314 (6th Cir. 2005).

In further support of the proposition that a police officer under these circumstances is entitled to qualified immunity, the Sixth Circuit observed, "[a]lso irrelevant is the fact that the decedent was actually unarmed… the sad truth is that [the decedent's] actions alone could cause a reasonable officer to fear imminent and serious physical harm." *Reese v. Anderson*, 926 F.2d 494, 501 (6th Cir. 1991). Recently the Supreme Court has also noted, "the law does not require officers in a tense and dangerous situation to wait until the moment a suspect uses a deadly weapon to act to stop the suspect." *Mullenix v. Luna*, 136 S.Ct. 305 at 311 (2015) quoting *Long v. Slaton,* 508 F.3d 576, at 581-582 (2007).

Accepting Littlejohn's version of the facts, which Defendant must do in a motion for summary judgment, Myers's use of force when firing a single round at Littlejohn was reasonable and protected by qualified immunity. Initially, while under Littlejohn's version he had given the handgun to Tisdale prior to leaving the Family Dollar, given what was known to Officer Myers at the time it was objectively reasonable for Myers to believe he was dealing with a fleeing suspect armed with a handgun. Considering that, when looking at the enumerated factors in

7

*Graham*, "(1) the severity of the crime at issue; (2) whether the suspect posed an immediate threat to the safety of the police officers or others; and (3) whether the suspect actively resisted arrest or attempted to evade arrest by flight," all three factors weigh in favor of Myers' using deadly force.

      Certainly the underlying crimes, armed robbery and kidnapping and assault, are quite severe. One could argue that armed robbery or perhaps kidnapping are the most severe crimes that do not involve bodily injury to the victim or victims. Certainly, a person who brings a loaded gun into a store for the purposes of robbing others shows a total disregard to the property and safety of everyone present at the scene of the crime. Additionally, the justice system clearly recognizes the severity of the crimes at issue as Littlejohn, on a plea deal no less, received a sentence of 28 years of incarceration. (Ex. B at 47:7-8.) A plea-bargained sentence that still goes beyond a quarter of a century certainly reflects a very severe crime.

      Given what Officer Myers knew or reasonably could have known at the time, Littlejohn certainly posed an immediate threat to the safety of the officers and the public at large. Littlejohn had just committed armed robbery. Myers was responding to an armed robbery and knew Littlejohn was one of the suspects as he was fleeing the scene of the crime. While Littlejohn states he gave the gun to Tisdale prior to his flight, Littlejohn also admits Myers, nor any other officer, would have any way of knowing this. Thus, it was objectively reasonable for Myers to believe Littlejohn was armed and dangerous and therefore, for Myers to act accordingly. Specifically, it was reasonable for Myers to respond to Littlejohn's second attempt to flee after fighting off Myers' arrest attempt with deadly force. Myers knew this was an armed robbery suspect who very well may be armed and was willing to use force against a uniformed officer to evade arrest. Although, according to Littlejohn, Myers was ultimately

mistaken about whether or not he had a gun, it was a reasonable mistake given the information available to Myers at the time. It was the type of reasonable mistake protected by qualified immunity. Additionally, Myers decision to fire a single round after Littlejohn had used force against Myers to evade arrest is the type of "on-the-spot judgment" courts must give a "built-in measure of deference to" as an officer in a "in a tense and dangerous situation."

Finally, Littlejohn admits to both resisting arrest and attempting to evade by flight. Littlejohn, in his own words stated that his "main focus was just on fleeing." (Ex. B at 28:24.) Littlejohn also explained how he used force to resist Myers's initial attempt to arrest Littlejohn. (Ex B. at 24:16 – 25:20.) Given what Myers knew or reasonably could have known at the time, all of the hallmarks of a dangerous and armed fleeing suspect were there. Littlejohn's actions, including his continued resistance and flight once initially caught, forced Myers's hand. Myers's on-the-spot judgment to use deadly force by means of firing a single shot was clearly reasonable and protected by qualified immunity.

The state law assault and battery claim follows a similar analysis. Myers's shot at Littlejohn was reasonable given the circumstances. Moreover, even viewing the facts in Littlejohn's favor, it cannot be said that Myers's decision to fire was "with malicious purpose, in bad faith, or in a wanton or reckless manner." Thus, Myers is immune from state law liability under Ohio Revised Code § 2744.

**B. Myers is immune as to intentional infliction of emotional distress.**

In order to overcome immunity under O.R.C. § 2744 Plaintiff must show that the defendant or defendants acted in a manner that was "with malicious purpose, in bad faith, or in a wanton or reckless manner." Plaintiff cannot show that here. As explained above, Littlejohn's actions wholly justified Myers's use of force.

9

Even without the benefit of immunity, Plaintiff cannot prevail on a claim of intentional infliction of emotional distress. In order to prevail on an intentional infliction of emotional distress claim, Plaintiff must show: 1) the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) the actor's conduct was extreme and outrageous, went beyond all possible bounds of decency, and can be considered as utterly intolerable in a civilized community; 3) the actor's actions were the proximate cause of the plaintiff's psychic injury; and 4) the mental anguish suffered by plaintiff is serious and of a nature that no reasonable person could be expected to endure. *Gebers v. Commercial Data Ctr. Inc.*, 47 F.3d 1168, 1995 WL 9262, at *3 (6th Cir. 1995) (unpublished) (citing, *inter alia, Pyle v. Pyle*, 463 N.E. 2d 98 (Ohio Ct. App. 1983); *Yeager v. Local Union 20*, 6 Ohio St. 3d 369, 453 N.E. 2d 666 (Ohio 1983). In further defining serious emotional distress the Ohio Supreme Court stated:

> By the term "serious," we of course go beyond trifling mental disturbance, mere upset or hurt feelings. We believe that serious emotional distress describes emotional injury which is both severe and debilitating. Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case.
> …
> A non-exhaustive litany of some examples of serious emotional distress should include traumatically induced neurosis, psychosis, chronic depression, or phobia.

*Paugh v. Hanks*, 6 Ohio St. 3d 72 at 78 (1983) (citations omitted).

The actions complained of by Plaintiff simply do not meet the legal standard of serious emotional distress. Plaintiff does not complain of any distress based on the alleged language used by Officer Myers, but instead rests the entirety of his emotional distress claim on the single shot. As explained, the shooting was reasonable and based on Myers reaction to the serious and dangerous criminal conduct of Littlejohn. Thus, Plaintiff cannot survive summary judgment.

10

## V. CONCLUSION

For the above reasons, Defendant Officer Ronald Myers is entitled to summary judgment on all claims.

          Respectfully submitted,

          **BARBARA A. LANGHENRY (0038838)**
          **Director of Law, City of Cleveland**

**By:**   s/ John P. Bacevice Jr.
          **JOHN P. BACEVICE JR. (0087306)**
          Assistant Director of Law
          601 Lakeside Avenue
          City Hall, Room 106
          Cleveland, Ohio 44114-1077
          Email: jbacevice@city.cleveland.oh.us
          ATTORNEY FOR DEFENDANT
          RONALD MYERS

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on February 17, 2016.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                        s/ John P. Bacevice Jr.
                                        John P. Bacevice Jr. (0087306)
                                        Attorney for Defendant