IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALEX LITTLEJOHN | ) | CASE NO. 1:15 CV 1059 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | **DEFENDANTS' REPLY IN SUPPORT OF** |
| | ) | **THEIR MOTION TO DISMISS AS** |
| RONALD MYERS, *et al* ., | ) | **SANCTION AGAINST PLAINTIFF** |
| | ) | **ALEX LITTLEJOHN FOR ADMITTED** |
| Defendants. | ) | **FALSE TESTIMONY AND OPPOSITION** |
| | ) | **TO PLAINTIFF'S REQUEST FOR A** |
| | ) | **HEARING** |

Defendants Officer Ronald Myers and the City of Cleveland now submit this reply in support of their motion for sanctions against Plaintiff Alex Littlejohn. Additionally, Defendants oppose Plaintiff's request for a hearing on this matter.

## I. THE RELEVANCY OF LITTLEJOHN'S PERJURY IS NOT AT ISSUE.

Plaintiff argues that because this Court's qualified immunity ruling would not have changed had Littlejohn not lied under oath, the case should not be dismissed. Whether Plaintiff's dishonesty was dispositive of any of the ultimate issues in this case is irrelevant to the wrong Plaintiff inflicted upon the judicial process by knowingly advancing false testimony before this court and the 6th Circuit Court of Appeals. Here, Plaintiff lied about a material fact – that he was unarmed when he first encountered Officer Myers. This act of utter contempt for the Federal Courts must be punished with appropriate sanctions, regardless of how it may or may not have impacted summary judgment proceedings. As Littlejohn's knowing falsehood is such a severe malfeasance and there is a lack of any other meaningful sanction against Littlejohn, the sanction of dismissal with prejudice is the only appropriate sanction. This is not only a fitting sanction for Plaintiff, but also will serve to deter others who consider lying under oath in Federal Court.

## II. CASE LAW FAVORS THE SANCTION OF DISMISSAL.

While Defendants understand that generally courts favor deciding matters on the merits, where a party knowingly obfuscates the proceedings by lying about a material fact under oath and concealing the lie for nearly two years, a severe sanction of dismissal with prejudice is warranted.

The cases cited in Defendants' Motion for Sanctions are clearly applicable. Paying a material witness for perjured testimony and being a material witness, and party, who chooses to knowingly provide perjured testimony is the same offense against the Federal Courts. Perjury was committed in the case, and Alex Littlejohn was the person behind the knowing falsehoods.

Additionally, Plaintiff's argument that Littlejohn's decision to self-report his perjury should negate the wrongdoing is patently absurd. Alex Littlejohn waited twenty-three months while all parties and the Court system spent significant time and effort litigating this matter before his decision to "self-report." Littlejohn was aware of the significant litigation efforts which were proceeding with a knowing falsehood as part of the record.[1] Littlejohn also admitted he knew John Tisdel's deposition was approaching.[2] Considering Tisdel's upcoming depositions, it is a reasonable inference that Littlejohn's "coming clean" had little to do with a change of heart and much to do with Tisdel's upcoming deposition and the likelihood that Tisdel's recollection of events would eventually lead to the discovery that Littlejohn's lied under oath.

---

[1] Alex Littlejohn was deposed again on January 29, 2018, one day before the due date of Defendants' reply. Littlejohn admitted awareness of the litigation efforts as well as the scheduling of John Tisdel's deposition prior to his "self-report." The transcript however is not yet available as of January 30, 2018.
[2] Alex Littlejohn's deposition was taken on January 29, 2018, and the transcript of his depositions has not been prepared as of the date this reply is being filed with the court.

**III. A LESS SEVERE ALTERNATIVE IS NOT APPROPRIATE IN THIS CASE.**

Alex Littlejohn knowingly provided false testimony under oath regarding a material fact. After twenty-three months of litigation, including an interlocutory appeal to the United States Sixth Circuit Court of Appeals, with John Tisdel's deposition approaching, Alex Littlejohn finally decided to "self-report." It is reasonable to conclude that Littlejohn's motivation to "self-report" was in fact entirely self-serving and, if he believed he could have gotten away with lying under oath, he would have continued his duplicity. Alex Littlejohn, as a result of his own poor life choices and disrespect for the rights of others, is spending the next two decades in prison and is without meaningful assets. Financial sanctions would be utterly meaningless; therefore, the sanction of dismissal is the only method available to punish the Plaintiff. Moreover, the behavior is so severe that an equally severe sanction is needed to both punish Littlejohn and deter others from the same or similar behavior.

**IV. PLAINTIFF'S ARGUMENT REGARDING OFFICER MYERS'S TESTIMONY BOTH MISREPRESENTS OFFICER MYERS'S TESTIMONY AS HAS NO BEARING ON THE ISSUE OF SANCTIONS AGAINST LITTLEJOHN.**

Plaintiff argues that Officer Myers's statement in his declaration that he believed during the course of the armed robbery until the arrest of Littlejohn the suspect "was armed with a gun and dangerous" does not contradict his subsequent testimony that when Myers was sitting on Littlejohn *before* Littlejohn chose to again evade arrest that Littlejohn "wasn't a danger."

When Officer Myers stated Littlejohn "wasn't a danger," Myers was speaking to his subjective feeling as an experienced law enforcement officer who, at the moment, had Littlejohn in control, prone, and indicating he was sorry and he would surrender. Myers did not *personally*

3

feel in danger in that moment.[3] Littlejohn, however, was still "armed and dangerous" to the public at large. Certainly, Alex Littlejohn's 28 year prison sentence, at least in part, reflects the State of Ohio's and the sentencing judge's determination that Alex Littlejohn continues to be a danger to the public at large.

Also telling is Plaintiff's decision to include only a brief excerpt of Officer Myers's transcript, leaving the record devoid of any context. Plaintiff deliberately misconstruing Officer Myers's testimony is not the same as Alex Littlejohn knowingly submitting false testimony. Plaintiff's attempt to grasp for straws in opposing Defendants' motion for sanctions comes up empty handed.

## V. DEFENDANTS OPPOSE A HEARING ON THIS MATTER.

The underlying issue in Defendants' motion for sanctions is straightforward: Plaintiff knowingly lied under oath regarding what he did with the gun used in the armed robbery that precipitated this entire litigation. Defendants are certain the Court fully appreciates the relevant fact underlying this motion. Furthermore, both parties have fully briefed this Court. The case law is straight-forward, and it is within this Court's discretion to use its inherent power to sanction a perjurer. The hearing Plaintiff requests would be both a waste of the Court's time as well as Defendants' and their counsel.

## VI. CONCLUSION

Alex Littlejohn's malfeasance cuts to the very core of the American justice system – the idea that when a witness swears an oath, the witness will tell the truth. Alex Littlejohn knowingly provided false testimony in his pursuit of monetary damages and kept his transgression hidden for nearly two years. The sanction of dismissal with prejudice is

---

[3] Clearly, Officer Myers was mistaken as Littlejohn intended to continue his unlawful activity. Among Littlejohn's crimes include assault on Officer Myers, an assault that took place after the moment Myers is discussing here.

appropriate given both the egregiousness of Littlejohn's affront to the Court and the lack of other available remedies and will serve to deter others that may consider perjury in furtherance of their claims in the future. Defendants ask this Court to grant the sanction of dismissal with prejudice against Plaintiff Alex Littlejohn.

        Respectfully submitted,

**BARBARA A. LANGHENRY (0038838)**
**Director of Law, City of Cleveland**

By:   s/ John P. Bacevice Jr.
**JOHN P. BACEVICE JR. (0087306)**
Assistant Director of Law
**ELENA N. BOOP (0072907)**
Chief Assistant Director of Law
601 Lakeside Avenue
City Hall, Room 106
Cleveland, Ohio 44114-1077
Email: jbacevice@city.cleveland.oh.us
eboop@city.cleveland.oh.us
ATTORNEYS FOR DEFENDANT
RONALD MYERS

By:   s/ Janeane R. Cappara
**Janeane R. Cappara (0072031)**
Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114
Tel: (216) 664-2800
Fax: (216) 664-2663
jcappara@city.cleveland.oh.us
ATTORNEY FOR DEFENDANT
CITY OF CLEVELAND

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was filed electronically on January 30, 2018.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

                         s/ John P. Bacevice Jr.
                         John P. Bacevice Jr. (0087306)
                         Attorney for Defendant